NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

AUG 20 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILDEARTH GUARDIANS; et al., | No. 17-35461 |
| Plaintiffs-Appellants, | D.C. No. 4:14-cv-00488-REB |
| v. | |
| CHARLES A. MARK, in his official capacity, and UNITED STATES FOREST SERVICE, a federal agency, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted July 11, 2018
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,[**] District
Judge.

WildEarth Guardians, Cascadia Wildlands, Kootenai Environmental

Alliance, Center for Biological Diversity, Western Watersheds Project, and Project

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Coyote (collectively, WildEarth) appeal the district court's grant of summary judgment in favor of the U.S. Forest Service and Forest Supervisor Charles A. Mark (together, Federal Appellees). WildEarth asks us to declare that Federal Appellees violated the National Environmental Policy Act (NEPA) and their own regulations by not requiring Idaho for Wildlife, a group of hunting enthusiasts, to obtain a special recreation permit before holding its 2015 hunting derby. WildEarth also seeks an injunction that would prevent Federal Appellees from allowing any future hunting derbies on federal land until Federal Appellees issue the appropriate permits and complete an environmental review. We hold that WildEarth's claims are moot, and remand to the district court with instructions to vacate the judgment below and dismiss the action as moot. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

The district court did not have jurisdiction to decide WildEarth's claims because this case became moot while WildEarth's claims were pending before it. *See In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). The district court filed its summary judgment order on March 31, 2017, but the derby that WildEarth challenges had already taken place in January 2015. Because the derby had already taken place, the district court could not instruct Federal Appellees to issue a permit or conduct a pre-derby environmental review, and it could not grant the injunctive relief that WildEarth sought. This rendered WildEarth's claims for

2

relief moot. *See Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963–64 (9th Cir. 2007).

To the extent WildEarth challenges future derbies and permitting decisions, its claims are not yet ripe for review. *See Mont. Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir. 2014). Because Idaho for Wildlife has not scheduled any future hunting derbies, and WildEarth has not pointed to another permit application pending before Federal Appellees, there is no claim of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment" or other injunctive relief. *See id.* (quoting *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003)).

Nor is WildEarth's claim the type of claim that is capable of repetition yet evading review. "Permits issued by the Forest Service, and the administrative process leading up to their issuance, are not inherently of such short duration that challenges to their validity will go unreviewed." *Native Ams. for Enola v. U.S. Forest Serv.*, 60 F.3d 645, 646 (9th Cir. 1995). Should Idaho for Wildlife or anyone else schedule a hunting derby without seeking a special use permit or environmental review, or should Federal Appellees again not require a special use permit or environmental review when a permit is sought, WildEarth may seek a temporary restraining order or preliminary injunction in federal district court, the denial of which would be immediately appealable on an expedited basis. *See*

Ninth Cir. General Order 6.4; *see also United States v. State of Oregon*, 657 F.2d 1009, 1012 (9th Cir. 1981); *Save our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1119 (9th Cir. 2005). Because WildEarth could have used this procedural vehicle to ensure judicial review of its claims but simply did not do so, the capable of repetition while evading review exception to mootness does not apply.[1]

**REMANDED with instructions to VACATE the judgment and to DISMISS the action as moot. Each party shall bear its own costs.**

---

[1] Appellants' motions to take judicial notice of extra-record material (ECF Nos. 19, 37) are **DENIED** as moot.